FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 22 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| REBECCA WALKER ROGERS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No: 3:15-cv-00401 DPM/JTV |
| | ) |
| RICHARD KIRKMAN and KTI, L.L.C., | ) |
| An Arkansas Limited Liability Company, | ) This case assigned to District Judge MARSHALL |
| | ) and to Magistrate Judge VOLPE |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, Rebecca Walker Rogers, for her cause of action against Richard Kirkman ("Mr. Kirkman") and KTI, L.L.C. ("KTI") states:

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction. There is complete diversity between Plaintiff and Defendants as set forth below. Plaintiff has been injured and is seeking damages in an amount which in the aggregate is in excess of the sum required to maintain federal jurisdiction.

2. Venue of this action lies in the Eastern District of Arkansas, pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff, Rebecca Walker Rogers, resides in Jackson, Tennessee. Ms. Rogers is a member of KTI.

4. Defendant, Richard Kirkman, is a resident of Crittenden County, Arkansas.

5. Defendant, KTI, is an Arkansas limited liability company with its principal place of business in Crittenden County, Arkansas.

## FACTS AND CLAIMS FOR RELIEF

6. Ms. Rogers is a member of KTI. Ms. Rogers was the "incorporator/organizer" of KTI.

7. Richard Kirkman is a member of KTI.

8. KTI is a freight shipping and trucking company based in Marion, Arkansas. It operates under United States Department of Transportation number 815255 and Federal Motor Courier Safety Administration number MC362051.

9. Though Ms. Rogers organized and formed KTI, Mr. Kirkman, either directly or through his agents, exercises control over KTI's operations.

10. Mr. Kirkman has used his proximity to KTI to "shut out" Ms. Rogers as a member of KTI. For example, Mr. Kirkman changed the locks to KTI's office in 2014 without notice to Ms. Rogers. Mr. Kirkman installed a security system in 2014 as well, but has refused to give a key or access code to Ms. Rogers. Also, Mr. Kirkman removed Ms. Rogers as signatory on KTI's bank accounts.

11. Mr. Kirkman has authorized and allowed family members to use and have access to KTI's business assets for their personal use. For example, Mr. Kirkman has permitted his wife to obtain and use a company gas card to pay for gas used for non-business purposes. Mr. Kirkman has also permitted his daughters to obtain and use cell phones on KTI's business account for their personal use.

12. Based on these instances of Mr. Kirkman authorizing the use of KTI's business assets for his family's personal use, Ms. Rogers, upon information and belief, fears that Mr. Kirkman has engaged in other acts of using KTI's business assets for non-business reasons.

13. Defendant Kirkman is required to regularly communicate with and report to Ms. Rogers, as a Member of KTI, on the financial affairs of KTI. He also may not use KTI property for other than company business, loan KTI funds to himself or his family, or distribute KTI funds to himself or his family without making pro rata distributions to the other Members. KTI has not made distributions to Ms. Rogers in an amount equal to the pro rata distributions of company assets to Mr. Kirkman or his family.

14. During his tenure as KTI's Manager, Defendant Kirkman has not provided Plaintiff, Ms. Rogers, with financial reporting as required, has permitted accounting inaccuracies with regard to KTI's books to flourish, has loaned KTI funds to himself or his family without consent, has distributed KTI funds to himself or his family without making pro rata distributions to the other Members, and has appropriated KTI property for personal use.

15. Mr. Kirkman has not provided financial or business records of revenues and expenses to Ms. Rogers for over two years.

16. In June 2015, as a result of Ms. Rogers' efforts, a company interested in purchasing all or substantially all of the assets of KTI, offered to purchase all or substantially all of the assets of KTI for a price in excess of $600,000. Mr. Kirkman, however, took actions to sabotage the transaction and ultimately refused to complete the sale.

17. Defendant Kirkman is attempting to "freeze out" Ms. Rogers by acting for his own benefit in violation of his fiduciary responsibilities and duties of good faith and fair dealing which he owes to Ms. Rogers, as a member of KTI.

18. The acts of Defendant Kirkman constitute gross negligence and willful misconduct and indicate a scheme and artifice to illegally maneuver himself into a position of sole ownership of KTI.

19. Mr. Kirkman's actions have deprived Ms. Rogers of the benefits of her membership interest in KTI. Notably, Ms. Rogers has been denied pro rata distributions as a result of Mr. Kirkman's use of company assets for personal use and his causing the sale of KTI to fail thereby depriving Ms. Rogers of her pro rata share of the sales price.

## FIRST CLAIM FOR RELIEF
## ACCOUNTING

20. Plaintiff incorporates the allegations in Paragraphs 1 – 19 in this First Claim for Relief as if set forth verbatim below.

21. Defendant Kirkman has failed to provide Plaintiff with financial statements, has used KTI assets for his own benefit or otherwise wasted its assets, has loaned KTI funds to himself or his family, and has made distributions to himself or his family without any distributions to Plaintiff, all in direct violation of the Arkansas Small Business Entity Tax Pass Through Act. Plaintiff is, therefore, entitled to an accounting.

## SECOND CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

22. Plaintiff incorporates the allegations in Paragraphs 1 – 21 as if set forth verbatim in this Second Claim for Relief.

23. Defendant Kirkman, as a Member of KTI with operational control of KTI by virtue of his proximity to the company owes Plaintiff, who is also a member of KTI, fiduciary duties similar to those owed by partners in a partnership, one to the other, and by controlling shareholders in a close corporation to the noncontrolling shareholders. Defendant Kirkman's efforts to freeze Plaintiff out of KTI without any legitimate business purpose breaches those fiduciary duties to Plaintiff.

24. Defendant Kirkman's acts to sabotage and ultimately to cause the sale of KTI to a ready, willing and able buyer breached his fiduciary duties.

25. Plaintiff has been injured by Defendant Kirkman's breaches of fiduciary duties and is entitled to recover damages in an amount equal to her pro rata share of all distributions of company assets for Mr. Kirkman's personal use and benefit and her pro rata share of the sales price offered for KTI.

## THIRD CLAIM FOR RELIEF
## DISSOLUTION

26. Plaintiff incorporates the allegations in Paragraphs 1 – 25 in this Third Claim for Relief as if set forth verbatim.

27. Defendant Kirkman has willfully and/or negligently acted in such a manner as to obstruct, frustrate and damage the routine operations of KTI resulting in the impracticality of carrying on the business of KTI in conformity with the Arkansas Small Business Entity Tax Pass Through Act, the contemplation of the Members and its Operating Agreement. Therefore, Plaintiff is entitled to a decree judicially dissolving KTI pursuant to Ark. Code Ann. § 4-32-902.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter a judgment against Defendants Kirkman for breach of fiduciary duty and award Plaintiff damages in the amount to be proved at trial, including without limitation, an amount equal to Plaintiff's pro rata share of the purchase price for KTI offered in June 2015 of over $600,000;

B. That the Court order an accounting of KTI and award Plaintiff any sums due and outstanding as proper distribution of profits of KTI;

C. That the Court enter an injunction requiring Defendant Kirkman to repay to KTI any sums which he has without authority cause KTI to loan or otherwise advance or pay to him, with interest from the date advanced, to return to KTI all property of KTI in his possession, and to prevent him from wasting, destroying, selling, transferring or otherwise disposing of assets of KTI;

D. That the Court order dissolution of KTI pursuant to Ark. Code Ann. § 4-32-902, in addition to the following:

  i. the appointment of a receiver to manage the property and affairs of KTI pursuant to Ark. Code Ann. § 4-32-903(a)(2) and Rule 66 of the Federal Rules of Civil Procedure, with the authority to act as Liquidating Trustee and powers to wind up the operations of KTI as provided in the Arkansas Small Business Entity Tax Pass Through Act; and

      ii.    a judicial sale of all assets of KTI, if a private sale cannot be arranged by the Liquidating Trustee to the satisfaction of the Members of KTI.

E.    That, in addition to any relief the Court may order in accordance with Plaintiff's requests above, the Court award Plaintiff all his attorneys' fees, costs and expenses incurred in this action and any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

ADAMS AND REESE LLP

_____
Jeffrey C. Smith (AR BPR 2010114)
Clarence A. Wilbon (BPR 23378)
(admitted *pro hac vice*)
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, TN 38119
Telephone: (901) 525-3234
Facsimile: (901) 524-5419
Jeffrey.Smith@arlaw.com
Clarence.Wilbon@arlaw.com

*Attorneys for Plaintiff
Rebecca Walker Rogers*